ERASTUS SPAULDING, Administrator, *vs.* ALFRED BARNES.

A sale of personal property by a mortgagee, before foreclosure, is a conversion, for which the mortgagor may maintain an action.

ACTION OF TORT for the taking and conversion of personal property.    The defendant admitted the taking, but claimed the right of possession of the property, as agent and husband of Betsey Barnes, who, as he averred, held at the time a mortgage thereof from Daniel Mansfield, the plaintiff's intestate.

At the trial in the court of common pleas, before *Byington,* J. the defendant gave in evidence a note for $337.66, dated September 7th 1849, made by Mansfield to Betsey Barnes, and payable in one year; also a mortgage of a portion of this property to secure the payment of the note.    On the back of the mortgage was written a discharge thereof, dated April 3d 1851 ; and a receipt for $175 was indorsed on the note.    It appeared that on the 7th of April 1851 Mansfield made to Betsey Barnes a second mortgage of the property described in the writ, including a part

of the property described in the first mortgage, and conditioned that, upon the payment of $337.66 in two years from date, this mortgage and a note of even date therewith given by Mansfield to Betsey Barnes, should be void. No new note was given with this mortgage, but the note above mentioned was kept by the mortgagee.

The defendant offered evidence tending to show that Mansfield intended to secure the balance due upon the note; and was desirous of selling a part of the property included in the first mortgage, and that with this purpose that mortgage was discharged, and the second mortgage given, and some other property substituted by agreement for that part of the property, and to secure the balance due on the note. The plaintiff objected to the admission of any evidence of the intent of the mortgagor, upon the ground that the second mortgage, by reason of no such note having been given as was therein described, was an imperfect and invalid instrument, and could not be perfected by such evidence; and further objected to the evidence, because it tended to show a different sum due upon the mortgage from that named in the condition thereof. But the presiding judge overruled the objection, and admitted the evidence.

It further appeared in evidence that, at the time of taking possession of the property, no notice was given to any person, or filed with the town clerk, of an intent to foreclose the mortgage, but that the defendant, within a few days after, sold a part thereof, to the amount of fifty dollars. The plaintiff requested the judge to instruct the jury "that such sale constituted a tort, for which the defendant was liable in this action." But the judge refused so to instruct the jury, and instructed them "that the mortgagee had a right to make sale of her interest in said property at any time; and selling her interest in the property she had would not be a conversion, she being ready and willing to account for the proceeds in good faith." The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*F. H. Dewey,* for the plaintiff.

*E. B. Stoddard,* for the defendant.

BY THE COURT. The mortgagee, even if the mortgage was

valid, had no right to sell the property before foreclosure; and such a sale was a wrong, for which an action lies. If there was not a valid mortgage, either because the mortgage was bad in form, or because the mortgagee was a feme covert, or otherwise, then *a fortiori* the defendant had no authority to sell the goods, the property and the right of possession remained with the plaintiff's intestate, which was violated by the sale, and the action will lie. *Exceptions sustained.*